# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# GREENBELT DIVISION

Jeffery R. Sedgwick )
9306 Hilltop Court )
Laurel, Maryland 20708 )   CASE No. _____ 14 CV 2965
*Plaintiff* )
)   Trial by Jury Demanded
vs. )
)
West Asset Management, Inc. )
*Defendant(s)* )
)

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE TELEPHONE CONSUMER PROTECTION ACT

### JURISDICTION

1.   This court has jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C §1331.

2.   All conditions precedent to the bringing of this action have been performed,

### PARTIES

3.   The Plaintiff in this lawsuit is Jeffery R. Sedgwick, a natural person, who resides in Prince George's County, Maryland.

4.   The Defendant in this lawsuit is West Asset Management, Inc. (WAM), which is a debt collection company with offices at 11808 Miracle Hills Drive, Omaha, NE 68154.

### VENUE

5.   The occurrences which give rise to this action occurred in Prince George's County, Maryland and Plaintiff resides in Prince George's County, Maryland.

6.   Venue is proper in the District of Maryland, Greenbelt Division.

## GENERAL ALLEGATIONS

7.    On or about August 1, 2014 WAM began calling Plaintiff's wireless phone number 901-489-2673 from phone number 901-290-4108 which is a number known to be used by WAM in their debt collection operations.

8.    All calls made by WAM were made with automatic telephone dialing system (ATDS) capable equipment to Plaintiff's wireless phone.

9.    WAM made at least 17 individual calls to Plaintiff's wireless phone beginning August 1, 2014 and continuing through September 2, 2014, using ATDS capable equipment.

10.  The calls made to Plaintiffs wireless phone were not for an emergency purpose and were made without the consent, express or otherwise, of the Plaintiff having been given at any time.

11.  WAM called at times that were inconvenient and when Plaintiff answered the phone there was no live person on the line and no message was left.

12.  A Notice of Intent to Litigate was sent to WAM and received by it on August 20, 2014. Calls continued until September 2, 2014 with the last call occurring at 7:30pm EDT.

13.  The Plaintiff has never had any business relationship with WAM at any time and has never given WAM his express consent to call his wireless phone.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 AND THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 et seq. BY WEST ASSET MANAGEMENT

14.  Paragraphs 1 through 13 are re-alleged as though fully set forth herein.

15.  Plaintiff brings this action pursuant to 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. § 1692k( d) for the following:

16.  On August 1, at 4:27 p.m. WAM called Plaintiff's wireless phone number 901-489-2673 from 901-290-4108 using ATDS capable equipment without Plaintiffs prior express consent. The

caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6).

17.  On August 4, 2014 at 1:18 a.m. WAM called Plaintiff's wireless phone number 901-489-2673 from 901-290-4108 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6).  Further, WAM called Plaintiff's wireless phone outside of permissible hours in violation of 15 U.S.C. § 1692c(a)(1).

18.  On August 4, 2014 at 9:13 a.m. WAM called Plaintiffs wireless phone number 901-489-2673 from 901-290-4108 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6).

19.  On August 5, 2014 at 5:12 p.m. WAM called Plaintiff's wireless phone number 901-489-2673 from 901-290-4108 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6).

20.  On August 8, 2014 at 12:18 p.m. WAM called Plaintiff's wireless phone number 901-489-2673 from 901-290-4108 using ATDS capable equipment without Plaintiffs prior express consent. Plaintiff answered the call and there was no live person on the line but after

approximately 10 to 15 seconds noise was heard and then a live person came on the call and asked for a person named Ricky. Plaintiff asked who was calling and the person identified the caller as WAM. Plaintiff advised the caller that Ricky was not at that number and terminated the call.

21. On August 12, 2014 at 3:44 p.m. WAM called Plaintiff's wireless phone number 901-489-2673 from 901-290-4108 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6).

22. On August 12, 2014 at 8:41 p.m. WAM called Plaintiff's wireless phone number 901-489-2673 from 901-290-4108 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6).

23. On August 14, 2014 at 2:54 p.m. WAM called Plaintiff's wireless phone number 901-489-2673 from 901-290-4108 using ATDS capable equipment without Plaintiffs prior express consent. Plaintiff answered the call and there was no live person on the line but after approximately 10 to 15 seconds noise was heard and then a live person came on the call and asked for a person named Ricky. Plaintiff asked who was calling and the person identified the caller as WAM. Plaintiff advised the caller that Ricky was not at that number and terminated the call.

24. On August 14, 2014 at 6:51 p.m. WAM called Plaintiff's wireless phone number 901-489-2673 from 901-290-4108 using ATDS capable equipment without Plaintiffs prior express

consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of

the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the

caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6).

25.   On August 15, 2014 at 4:51 p.m. WAM called Plaintiff's wireless phone number 901-489-

2673 from 901-290-4108 using ATDS capable equipment without Plaintiffs prior express

consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of

the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the

caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6).

26.   On August 18, 2014 at 4:18 p.m. WAM called Plaintiff's wireless phone number 901-489-

2673 from 901-290-4108 using ATDS capable equipment without Plaintiffs prior express

consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of

the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the

caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6).

27.   On August 18, 2014 at 10:47 p.m. WAM called Plaintiff's wireless phone number 901-489-

2673 from 901-290-4108 using ATDS capable equipment without Plaintiffs prior express

consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of

the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the

caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6). Further,

WAM called Plaintiff's wireless phone outside of permissible hours in violation of 15 U.S.C. §

1692c(a)(1).

28.   On August 19, 2014 at 4:36 p.m. WAM called Plaintiff's wireless phone number 901-489-

2673 from 901-290-4108 using ATDS capable equipment without Plaintiffs prior express

consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of

the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6).

29.  On August 20, 2014 at 4:46 p.m. WAM called Plaintiff's wireless phone number 901-489-2673 from 901-290-4108 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6).

30.  On August 21, 2014 at 6:41 p.m. WAM called Plaintiff's wireless phone number 901-489-2673 from 901-290-4108 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6).

31.  On September 2, 2014 at 7:30 p.m. WAM called Plaintiff's wireless phone number 901-489-2673 from 901-290-4108 using ATDS capable equipment without Plaintiffs prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6).

32.  Plaintiff made multiple attempts to contact WAM to reach a settlement of the violations alleged herein to mitigate damages and Defendant failed to respond to Plaintiff at all times.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692d

33.  Plaintiff repeats and re-alleges each and every allegation stated above.

34.  Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a. Adjudging that WAM violated the FDCPA.

b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000;

c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

d. Awarding Plaintiff post-judgment interest as allowed under the law;

e. Awarding such other and further relief as the Court deems just and proper.

## COUNT II

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692c(a)(1)

35. Plaintiff repeats and re-alleges each and every allegation stated above.

36. Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a. Adjudging that WAM violated the FDCPA.

b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000;

c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

d. Awarding Plaintiff post-judgment interest as allowed under the law;

e. Awarding such other and further relief as the Court deems just and proper.

## COUNT III

### VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

37. Plaintiff repeats and re-alleges each and every allegation stated above.

38. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. § 227.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that WAM violated the TCPA 47 U.S.C. § 227.

b. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of

$500 for the first call and $1500 for each call thereafter made to the Plaintiff's wireless

phone as knowing and/or willful violations;

c. Awarding Plaintiff any fees and costs incurred in this action;

d. Awarding Plaintiff any post-judgment interest as allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

Jeffery R. Sedgwick
9306 Hilltop Court
Laurel, Maryland 20708
301-776-0985
office@freeandclear.us