UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| JEFFERY R. SEDGWICK ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No.: 8:14-cv-02965-TDC |
| v. ) | |
| ) | |
| WEST ASSET MANAGEMENT, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT, WEST ASSET MANAGEMENT, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, West Asset Management, Inc. ("WAM"), through counsel and under the Federal Rules of Civil Procedure, hereby responds to the complaint filed by plaintiff, Jeffery R. Sedgwick, and states:

**JURISDICTION**

1. WAM admits the allegations in ¶ 1 for jurisdiction purposes only.

2. WAM denies the allegations in ¶ 2 for lack of sufficient information to justify a reasonable belief therein.

**PARTIES**

3. WAM denies the allegations in ¶ 3 for lack of sufficient information to justify a reasonable belief therein.

4. WAM admits that it is a corporation with offices located at 11808 Miracle Hills Drive, Omaha, NE 68154. Except as specifically admitted, WAM denies the allegations in ¶ 4.

## VENUE

5.     WAM denies the allegations in ¶ 5 for lack of sufficient information to justify a reasonable belief therein.

6.     WAM admits the allegations in ¶ 6 for venue purposes only.

## GENERAL ALLEGATIONS

7.     WAM admits that it placed calls to plaintiff in a lawful attempt to collect a debt. Except as specifically admitted, WAM denies the allegations in ¶ 7.

8.     WAM denies the allegations in ¶ 8.

9.     WAM denies the allegations in ¶ 9.

10.    WAM denies the allegations in ¶ 10.

11.    WAM denies the allegations in ¶ 11.

12.    WAM admits that its records reflect that it received a Notice of Intent to Litigation on August 20, 2014. Except as specifically admitted, WAM denies the allegations in ¶ 12.

13.    WAM denies the allegations in ¶ 13 for lack of sufficient information to form a belief therein and as calling for a legal conclusion.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 AND THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 et seq. BY WEST ASSET MANAGEMENT

14.    WAM reasserts the foregoing as if fully incorporated herein.

15.    WAM admits that plaintiff purports to bring this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. and the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, but denies any violations, wrongdoing or liability.

16. WAM admits that it telephoned plaintiff in a lawful attempt to collect a debt. Except as specifically admitted, WAM denies the allegations in ¶ 16.

17. WAM denies the allegations in ¶ 17.

18. WAM admits that it telephoned plaintiff in a lawful attempt to collect a debt. Except as specifically admitted, WAM denies the allegations in ¶ 18.

19. WAM admits that it telephoned plaintiff in a lawful attempt to collect a debt. Except as specifically admitted, WAM denies the allegations in ¶ 19.

20. WAM admits that it telephoned plaintiff in a lawful attempt to collect a debt. Except as specifically admitted, WAM denies the allegations in ¶ 20.

21. WAM admits that it telephoned plaintiff in a lawful attempt to collect a debt. Except as specifically admitted, WAM denies the allegations in ¶ 21.

22. WAM denies the allegations in ¶ 22.

23. WAM admits that it telephoned plaintiff in a lawful attempt to collect a debt. Except as specifically admitted, WAM denies the allegations in ¶ 23.

24. WAM admits that it telephoned plaintiff in a lawful attempt to collect a debt. Except as specifically admitted, WAM denies the allegations in ¶ 24.

25. WAM admits that it telephoned plaintiff in a lawful attempt to collect a debt. Except as specifically admitted, WAM denies the allegations in ¶ 25.

26. WAM admits that it telephoned plaintiff in a lawful attempt to collect a debt. Except as specifically admitted, WAM denies the allegations in ¶ 26.

27. WAM denies the allegations in ¶ 27.

28. WAM admits that it telephoned plaintiff in a lawful attempt to collect a debt. Except as specifically admitted, WAM denies the allegations in ¶ 28.

29. WAM admits that it telephoned plaintiff in a lawful attempt to collect a debt. Except as specifically admitted, WAM denies the allegations in ¶ 29.

30. WAM admits that it telephoned plaintiff in a lawful attempt to collect a debt. Except as specifically admitted, WAM denies the allegations in ¶ 30.

31. WAM denies the allegations in ¶ 31.

32. WAM denies the allegations in ¶ 32.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692d

33. WAM reasserts the foregoing as if fully incorporated herein.

34. WAM denies the allegations in ¶ 34.

In response to the paragraph beginning with WHEREFORE under Count I, WAM denies that plaintiff is entitled to the relief sought.

## COUNT II

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692c(a)(1)

35. WAM reasserts the foregoing as if fully incorporated herein.

36. WAM denies the allegations in ¶ 36.

In response to the paragraph beginning with WHEREFORE under Count II, WAM denies that plaintiff is entitled to the relief sought.

### COUNT III

### VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

37. WAM reasserts the foregoing as if fully incorporated herein.

38. WAM denies the allegations in ¶ 38.

In response to the paragraph beginning with WHEREFORE under Count III, WAM denies that plaintiff is entitled to the relief sought.

### DEMAND FOR TRIAL BY JURY

39. WAM denies that plaintiff is entitled to a trial by jury.

AND NOW, in further Answer to the Complaint, WAM avers as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has not stated a claim upon which relief may be granted. First, the telephone system used by WAM does *not* meet the statutory definition of an "automatic telephone dialing system" because the system does *not* have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers. *See* 47 U.S.C. 227(a)(1). Further, plaintiff also was not charged for any of the calls made by WAM or messages left by WAM. *See* 47 U.S.C. 227(b)(1)(A)(iii).

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than WAM and was beyond the control or supervision of WAM or for whom WAM was and is not responsible or liable.  In particular and without limitation, the number at issue was provided to WAM by the placing creditor with the express and/or implied warranty that the debtor consented to and authorized calls to the number.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of avoidable consequences, failure to mitigate, estoppel, waiver, unclean hands, consent and/or assumption of risk in that plaintiff:  refused and/or failed to answer the calls or return the messages left; made no request for the calls to cease or otherwise object to the calls; and knowingly and intentionally allowed and facilitated the calls to continue with the sole purpose to accumulate statutory damages under the TCPA.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff consented and authorized calls to the phone number in question for the account that WAM was working.

### SIXTH AFFIRMATIVE DEFENSE

One or more calls made to Plaintiff by WAM were not made to a cell phone.

### SEVENTH AFFIRMATIVE DEFENSE

One or more calls made to Plaintiff by WAM were not made with a dialer.

WHEREFORE, Defendant West Asset Management, Inc., requests the Court dismiss this action with prejudice and grant it all further and necessary relief the Court deems appropriate.

                                  Respectfully submitted,

                                  _____/s/_____
                                  Patrick D. McKevitt, Esq. (Bar No. 30078)
                                  Whiteford, Taylor & Preston, L.L.P.
                                  7 St. Paul Street
                                  Baltimore, MD  21202-1636
                                  Telephone: (410) 347-9447
                                  Facsimile: (410) 223-3498
                                  Email: pmckevitt@wtplaw.com
                                  *Attorney for Defendant,*
                                  *West Asset Management, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2015, a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to the parties by operation of the court's electronic filing system, which will send notification of such filing electronically to the plaintiff. In addition, a copy of the foregoing was sent via first class, postage prepaid mail to the following:

Jeffery R. Sedgwick
9306 Hilltop Ct.
Laurel, MD 20708

    *Pro Se Plaintiff*


                                    _____/s/_____
                                      Patrick D. McKevitt