UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JEFFERY R. SEDGWICK,

    Plaintiff,

    v.

WEST ASSET MANAGEMENT, INC.,

    Defendant.

Civil Action No. TDC-14-2965

## SCHEDULING ORDER

This scheduling order is entered pursuant to Local Rule 103.9. The order sets a date for an Initial Status Conference and establishes deadlines and requirements for pretrial proceedings, including discovery.

Any inquiries concerning the schedule should be directed to Chambers, not to the Clerk's Office. As set forth below, any party who believes that any deadline or requirement set forth in this Scheduling Order should be modified for this case may submit to the Court a written request for a modification of the Order by the deadline stated below. Such requests will be addressed at the Initial Status Conference. **Thereafter, the schedule will not be changed except for good cause.**

### I.  COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES

The Court requires compliance with all Local Rules, available at www.mdd.uscourts.gov/localrules/LocalRules-Oct2012Supplement.pdf.

Electronic filing through the Court's Case Management/Electronic Case Filing (CM/ECF) system is required for all parties represented by counsel.[1] *See* Elec. Filing Reqs. & Procs. for Civ. Cases I(A) (D. Md. Apr. 2013), available at www.mdd.uscourts.gov/publications/forms/Civil Manual FINAL.pdf. Parties must use the electronic filing system to file documents with the Clerk and to send case-related correspondence to Chambers. When a party electronically files a document that, including attachments, is 15 pages or longer, the party must also provide paper copies of the document and the notice of electronic filing. *Id.* § III(B)(4). The paper copies should be sent to the Clerk's Office.

---

[1] Self-represented parties who are not registered users of CM/ECF are not required to file documents electronically and may instead submit documents by mail or in person. *See* Instructions for Filing a Civil Action on Your Own Behalf II(A) (D. Md. May 2013), available at www.mdd.uscourts.gov/publications/forms/InstructionsFilingCivilAction.pdf.

## II.     INITIAL STATUS CONFERENCE

An Initial Status Conference will be held via teleconference on **Monday, March 2, 2015 at 10:30 a.m**.  The Court will circulate a call-in number prior to the teleconference.  The parties should be prepared to address the following issues at the Initial Status Conference:

1. Any requested modifications to the deadlines and requirements in the Scheduling Order, as previously filed by the parties;

2. Whether the parties will consent to having the case transferred to a United States Magistrate Judge for all further proceedings;

3. Whether the parties wish to participate in early mediation by a United States Magistrate Judge, prior to the completion of discovery; and

4. The anticipated nature and extent of discovery in this case, with a view towards minimizing wasteful and unnecessary discovery.

The parties are expected to confer with each other on these issues in advance of the Initial Status Conference and, if possible, present joint views to the Court.

## III.    DEADLINES

The following motions or reports must be filed, or actions taken, by the listed date:

| Date | Action |
|---|---|
| February 27, 2015: | Requests for modification of the Scheduling Order |
| March 2, 2015: | Initial Status Conference |
| March 6, 2015: | Joint request for an early settlement or mediation conference (This request will not postpone discovery unless otherwise ordered.) |
| March 6, 2015: | Initial report on whether there is unanimous consent to proceed before a United States Magistrate Judge |
| March 6, 2015: | Report on deposition hours (*see* Part IV. D.) |
| March 6, 2015: | Conference on discovery of electronically stored information (If either or both parties intend to take such discovery, counsel should review the |

|                  |                                                                                                                                                                                                                                        |
|------------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                  | Suggested Protocol for Discovery of Electronically Stored Information before the conference. The Protocol, prepared by a joint bench/bar committee, is available at www.mdd.uscourts.gov/news/news/ESIProtocol.pdf.) |
| April 6, 2015:   | Motions to amend the pleadings or for joinder of additional parties                                                                                                                                                                    |
| April 21, 2015:  | Plaintiff's Fed. R. Civ. P. 26(a)(2) expert disclosures                                                                                                                                                                                |
| May 21, 2015:    | Defendant's Fed. R. Civ. P.26(a)(2) expert disclosures                                                                                                                                                                                 |
| June 4, 2015:    | Plaintiff's rebuttal Fed. R. Civ. P.26(a)(2) expert disclosures                                                                                                                                                                        |
| June 11, 2015:   | Fed. R. Civ. P.26(e)(2) supplementation of disclosures and responses                                                                                                                                                                   |
| July 6, 2015:    | Completion of Discovery; submission of joint status report                                                                                                                                                                             |
| July 13, 2015:   | Requests for admission                                                                                                                                                                                                                 |
| August 4, 2015:  | Dispositive pretrial motions                                                                                                                                                                                                           |

## IV. DISCOVERY

### A. Initial Disclosures

This is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made.

### B. Discovery Conference

This action is exempted from the requirements of the first sentence of Fed. R. Civ. P. 26(d) and from Fed. R. Civ. P. 26(f), such that the parties may, as of the date of this order, commence with discovery. However, parties are expected to confer in advance of the Initial Status Conference, as discussed above in Part II, and thereafter as necessary, to: (a) identify the issues subject to discovery, (b) set a discovery plan, (c) determine if the case can be resolved before incurring further litigation expense, and (d) establish a cordial professional relationship.

### C. Discovery Procedures

All the provisions of Local Rule 104 apply, including the following:

1. All discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests that have not come due.

2. The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

3. No discovery materials, including Fed. R. Civ. P. 26(a)(2) disclosures, should be filed with the Court.

4. Any motion to compel shall be filed only after counsel have conferred and filed a certificate as required by Local Rule 104.7 and shall be filed in accordance with Local Rule 104.8 and applicable CM/ECF procedures.

5. Parties should be familiar with the Discovery Guidelines of this Court, contained in Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders.

### D. Deposition Hours

The parties should confer immediately with one another about the number of deposition hours appropriate in this case and report to the Court any agreement on the number of each side's deposition hours by the deadline listed in Part III. The parties may consider their agreement approved if the Court does not notify them to the contrary within 10 days of the report's filing.

If the parties do not provide a report on deposition hours by the deadline, each side shall be limited to 25 hours of depositions of fact witnesses, including parties. If there are two or more parties on a particular side, they must share the allotted deposition time unless the Court rules otherwise upon a request from those parties. Any colloquy engaged in by counsel shall be counted against the deposition time of that counsel's client.

### E. Additional Requirements

During the course of discovery, the parties shall adhere to the following requirements:

1. **Cooperation.** As set forth in Local Rule Appendix A: Discovery Guidelines, Guideline 1, the parties and counsel have an obligation to cooperate in planning and conducting discovery to ensure that discovery is relevant to the claims or defenses in

4

the case, not excessively burdensome, and proportional to what is at issue in the case. *See* Fed. R. Civ. P. 26(b)(2)(C) and 26(g)(1)(B)(ii)–(iii).

2. **Objections Stated with Particularity.** Objections to interrogatories or requests for production must be stated with particularity. Boilerplate objections (e.g., objections without a particularized basis, such as "overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible evidence"), as well as incomplete or evasive answers, will be treated as a failure to answer pursuant to Fed. R. Civ. P. 37(a)(4).

3. **Electronically-Stored Information (ESI).** The parties are expected to cooperate in determining the search technology, methodology, and criteria to be employed, and the custodians whose files are to be searched, to comply with discovery requests for ESI.

4. **Non-Waiver of Attorney-Client Privilege or Work-Product Protection.** The parties are expected to discuss a non-waiver agreement pursuant to Fed. R. Evid. 502(e) and to promptly notify opposing counsel of any unintended disclosures. If the parties enter into such an agreement, the Court may, pursuant to Fed. R. Evid. 502(d), order that unintended disclosures do not waive the privilege or protection in proceedings in this case and any other federal or state proceeding.

## V.    STATUS REPORT

On the day of the deadline for Completion of Discovery, *see* Part III, the parties shall file a joint status report covering the following matters:

1. Whether discovery has been completed;

2. Whether any motions are pending;

3. Whether any party intends to file a dispositive pretrial motion;

4. Whether the case is to be a jury trial or a non-jury trial and the anticipated length of trial;

5. A certification that the parties have met to conduct serious settlement negotiations, to include the date, time, and place of all settlement meetings and the names of all persons participating;

6. Whether each party believes it would be helpful to refer this case to another judge of this Court for a settlement or other alternative dispute resolution (ADR) conference, either before or after the resolution of any dispositive pretrial motion;

7. Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a United States Magistrate Judge conduct all further proceedings in this case, either before or after the

resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment;

8. Any other matter that the parties believe should be brought to the Court's attention.

## VI. DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2(c) apply.

After all dispositive motions and any responses have been filed, the Court will advise the parties if a hearing is to be scheduled.

## VII. PRETRIAL CONFERENCES

After receiving the status report, the Court will schedule a Status Conference, unless the status report indicates that one or more party intends to file a dispositive pretrial motion. In the latter event, the Court will not schedule the Status Conference until after it has ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

At the Status Conference, the Court will:

1. Set a deadline for submitting the pretrial order pursuant to Local Rule 106, motions in limine, proposed voir dire questions, and proposed jury instructions;

2. Set the Pretrial Conference date and a trial date; and

3. Inquire whether a settlement or other ADR conference with a judicial officer would be useful. Counsel are expected to confer with their clients about this matter before the Status Conference so they can respond to this inquiry.

## VIII. ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with Local Rule 109.2 and Local Rule Appendix B: Rules and Guidelines for Determining Attorneys' Fees in Certain Cases.

## IX. COMPLIANCE WITH PRIVACY PROTECTION RULE

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2007, with the addition of a new Rule 5.2, which has detailed requirements requiring the redaction of filings with this Court that contain an individual's social security number, tax payer identification number, or birth date; the name of an individual known to be a

minor; or a financial account number.  It is essential that counsel comply with this rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008, available at www.mdd.uscourts.gov/news/news/privacy_memo.pdf.


Date:   February 20, 2015                                  /s/
                                                    THEODORE D. CHUANG
                                                    United States District Judge